UNITED STATES of America

v.

Ronald Ian BOATWRIGHT, Appellant.

No. 06–2521.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Oct. 27, 2006.

Filed Dec. 21, 2006.

Eric Pfisterer, Office of United States Attorney, Harrisburg, PA, for United States of America.

Ronald Ian Boatwright, Fairton, NJ, pro se.

Before: RENDELL, AMBRO and ROTH, Circuit Judges.

OPINION

PER CURIAM.

Ronald Ian Boatwright appeals the District Court's order denying his motion for reduction of sentence under 18 U.S.C. § 3582. For the following reasons we will affirm.

In 2004 Boatwright pled guilty to possession with intent to distribute crack cocaine and possession of a firearm in furtherance of a drug trafficking crime, for which he received a sentence including 84 months' imprisonment. He did not appeal. He did, however, file a motion pursuant to 28 U.S.C. § 2255, arguing that because he was sentenced after the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), he should have been sentenced in accordance with *Blakely*. The District Court dismissed the motion because it had, in fact, sentenced him in accordance with *Blakely* (and, *ipso facto*, the Supreme Court's subsequent decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)). The court declined to issue a certificate of appealability.

Again Boatwright did not appeal. Instead, he filed a motion for reduction in

sentence pursuant to 18 U.S.C. § 3582, arguing that *Booker* "invalidated" the federal sentencing guidelines. The District Court denied the motion, explaining that section 3582(c) authorizes a reduction in sentence if the Sentencing Commission has amended a guideline applicable to a specific sentence under 28 U.S.C. § 994(*o*); it does not authorize alteration of a sentence based on a subsequent judicial ruling such as *Booker*. Boatwright filed a motion for reconsideration, which the court denied. This appeal followed.[1]

We agree with the District Court. Section 3582(c) simply does not authorize a district court to reduce a sentence based on a subsequent judicial decision, and the Supreme Court's decision in *Booker* is not the equivalent of a Sentencing Guidelines amendment made by the Sentencing Commission. *Cf. United States v. McBride*, 283 F.3d 612, 616 (3d Cir.2002) (holding that a claim under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is outside the scope of a sentence modification under section 3582(c)(2)).

Accordingly, we will affirm the judgment of the District Court.

---

**1.** We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's legal interpretation of the Guidelines de novo. *United States v. Irvin*, 369 F.3d 284, 286 n. 1 (3d Cir.2004).